United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 18-5361

September Term, 2019

FILED ON: July 24, 2020

LIKZA IGLESIAS,
                    APPELLANT

v.

UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT,
                    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-00285)

Before: ROGERS, GRIFFITH, and RAO, *Circuit Judges*.

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the order of the district court be **AFFIRMED**.

Likza Iglesias challenges the Foreign Service Grievance Board's ("Grievance Board") approval of her termination from the U.S. Agency for International Development Office of Inspector General ("USAID-OIG"). Career foreign service officers, including those at USAID-OIG, enjoy certain statutory employment protections and may be removed for "such cause as will promote the efficiency of the Service." 22 U.S.C. § 4010(a)(1); *see U.S. Info. Agency v. Krc*, 905 F.2d 389, 398 (D.C. Cir. 1990). To terminate an officer, the agency must submit its recommendation to the Grievance Board, which holds a hearing to determine whether the agency has established cause for termination. 22 U.S.C. § 4010(a)(2)(A)(ii).

Iglesias worked as an auditor for USAID-OIG in its Pretoria, South Africa, office from 2009 to 2011. During this time, Iglesias audited two USAID regional projects and identified evidence of fraud and waste in the disbursement of U.S. aid to foreign governments. Her supervisors, however, declined to include her findings in the final audit reports. After these audits, USAID-OIG received an anonymous complaint alleging Iglesias had submitted fraudulent reimbursement claims. The ensuing internal investigation uncovered that Iglesias had intentionally submitted false claims for transportation expenses and financial allowances. Because of this

1

"conduct demonstrating untrustworthiness," the agency placed Iglesias on leave without pay and recommended her termination to the Grievance Board. *See* J.A. 288–94.

Before the Grievance Board, Iglesias raised an affirmative defense under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), claiming her supervisors retaliated against her for revealing waste and fraud in USAID operations. To obtain evidence supporting her whistleblower defense, Iglesias moved to compel USAID to reveal the identity of the anonymous source who sparked the initial investigation. The Grievance Board ordered the agency to disclose whether the source had knowledge of Iglesias's protected whistleblower activity, namely her disclosures of fraud and waste to her supervisors, but declined to order revelation of the source's identity without the source's consent. In response, the agency averred that the source had no knowledge of Iglesias's whistleblower activity and did not consent to the disclosure of his or her identity. The Grievance Board denied Iglesias's motion to compel disclosure of the source's identity, citing Section 7(b) of the Inspector General Act ("IGA"), which prohibits inspectors general from disclosing the identities of employees who come forward with information or complaints regarding government waste, fraud, or illegality. 5 U.S.C. App. 3 § 7(b). The Grievance Board ultimately rejected Iglesias's whistleblower defense, finding that she produced no evidence "that her protected audit disclosures contributed in any way" to the adverse employment action, and approved USAID's recommendation that Iglesias be terminated. *See* J.A. 55, 58. Iglesias filed a petition for review in federal district court pursuant to the Foreign Service Act of 1980, 22 U.S.C. § 4140. The district court granted summary judgment to USAID.

On appeal, Iglesias raises two challenges to the Grievance Board's decision: first, she claims it improperly rejected her motion to reveal the anonymous source's identity; and, second, she claims it applied the wrong legal standard in rejecting her affirmative whistleblower defense. "In a case like the instant one, in which the District Court reviewed an agency action under the [Administrative Procedure Act], we review the administrative action directly, according no particular deference to the judgment of the District Court." *Safari Club Int'l v. Zinke*, 878 F.3d 316, 325 (D.C. Cir. 2017) (quoting *Holland v. Nat'l Mining Ass'n*, 309 F.3d 808, 814 (D.C. Cir. 2002)). Because the Grievance Board is not charged with administering the IGA, this court reviews its interpretation *de novo*. *See Ass'n of Civilian Technicians v. FLRA*, 269 F.3d 1119, 1121 (D.C. Cir. 2001) ("In general, this Court does not defer to the [agency's] interpretation of a statute not committed to the [agency's] administration, but reviews such purely legal questions *de novo*.").

Iglesias first argues that the Grievance Board misinterpreted the IGA to protect the source's identity. She asserts that the source worked for USAID's Office of Inspector General, rather than USAID, and the IGA's protections do not extend to inspector general office employees because those offices are independent of the parent agency. The text and structure of the IGA unambiguously refute this argument. Section 7(b) prohibits an inspector general from "disclos[ing] the identity of [an] employee" who submits "a complaint or information" and makes no distinction between employees of an agency and employees of the agency's office of inspector general. 5 U.S.C. App. 3 § 7(b). Section 7(a) clarifies that Section 7(b)'s protections extend to "an employee of the establishment." *Id.* § 7(a). Each office of inspector general is housed "within" the agency the inspector general is tasked with overseeing. *Id.* § 4(a). Similarly, the IGA defines the term "establishment" to include USAID, and the term "Office" as "the Office of Inspector General of an establishment." *Id.* § 12(2), (4). Because USAID's Office of Inspector General is an office "of" and situated "within" the establishment, USAID, the anonymous source is an "employee of the establishment" and therefore protected by Section 7(b). Accordingly, we reject Iglesias's first

2

challenge because the Grievance Board correctly determined that the IGA prohibited the agency from disclosing the source's identity.

Iglesias raises several meritless counterarguments. She begins by attacking the district court's application of "extreme deference" to the Grievance Board's interpretation of the IGA. Any error of the district court in this regard is irrelevant because "we review the administrative action directly" without regard to the standard applied by the district court. *Safari Club*, 878 F.3d at 325 (citation omitted). We have already determined that the IGA plainly shields the source's identity and the Grievance Board's decision can be upheld on this ground. Iglesias further argues that the IGA cannot trump her entitlement to discovery because she has a due process right to establish a whistleblower affirmative defense. The Grievance Board, however, reasonably accommodated Iglesias's interest in establishing her whistleblower defense by ordering the agency to disclose, in a manner compliant with the IGA, whether the source had knowledge of Iglesias's whistleblower activity. Finally, Iglesias asserts there is no evidence that the source was an employee of either USAID or USAID's Office of Inspector General. Because Iglesias did not raise this argument before the Grievance Board, she has forfeited it on appeal.

Finally, Iglesias argues the Grievance Board applied the wrong legal standard to the nexus element of her affirmative whistleblower defense by requiring her to produce direct evidence of retaliation. The Whistleblower Protection Act allows an employee to establish a nexus between protected activity and adverse employment action "through circumstantial evidence." 5 U.S.C. § 1221(e)(1). Yet the Grievance Board plainly complied with this standard. It recognized that Iglesias could prove her case through both direct and "circumstantial evidence of retaliation," but found that she presented "no evidence at all of a nexus." J.A. 31, 37, 54 n.38 (cleaned up). Instead, the Grievance Board's examination of the "mosaic of" circumstantial evidence revealed that Iglesias's supervisors' "possibly negative feelings" toward her stemmed from their "lack of 'trust' in her because the allowances she sought were often 'unusual.'" J.A. 1731 (quoting J.A. 52 n.37, 54 n.38). Because the Grievance Board applied the proper legal standard by considering both direct and circumstantial evidence of retaliation, we reject Iglesias's second challenge.

For the foregoing reasons, the judgment of the district court is affirmed. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**

Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3